IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES C. DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>JEH JOHNSON, *Secretary, Department of Homeland Security*, NATIONAL PROTECTION PROGRAMS DIRECTORATE, IMMIGRATIONS CUSTOMS ENFORCEMENT, and FEDERAL PROTECTIVE SERVICE,<br><br>      Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-cv-1254-TWT-JKL |

## **FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Secretary Jeh Johnson's motion to dismiss Plaintiff James C. Davis's complaint. [Doc. 5.] For the reasons discussed herein, I **RECOMMEND** that the motion be **GRANTED** and that the case be **DISMISSED WITHOUT PREJUDICE** as to all Defendants.

### **I.   Procedural history**

In April 2015, Davis filed an amended complaint naming Johnson, the National Protection Programs Directorate, Immigrations Customs Enforcement, and the Federal Protective Service as Defendants alleging employment

discrimination. [Doc. 3.] The complaint, alleging only Title VII claims, purported to sue Johnson "as Secretary of the DEPARTMENT OF HOMELAND SECURITY." [*Id.* at 2.] Davis purported to effect service on the Defendants in May 2015 by serving a law administrator with the Department of Homeland Security. [Doc. 8.] Davis did not file the return of the service with the court, however, until March 2016. [*See id.*]

In September 2015, Johnson moved to dismiss the case under Fed. R. Civ. P. 4(m) for a lack of effective service. [Doc. 5.] He argues that Davis failed to properly serve Johnson in accordance with Rule 4(i), because he never served the local United States Attorney's and the Attorney General's offices. [*Id.* at 4.]

In response, Johnson asserts that he was not aware of a failure of service. [Doc. 6 at 2.] He also asserts that he served Johnson personally and through three subordinate agency officials in April 2015. [*Id.* at 4.]

**II. Discussion**

Under the Federal Rules of Civil Procedure, in order to serve a federal agency, or an officer or employee of a federal agency, a party "must serve the United States," whether suing in an official or individual capacity. Fed. R. Civ. P. 4(i)(2) and (3). In order to serve the United States, a party must deliver a copy of the summons and complaint to the (A) United States attorney for the district where

the action is brought; and (B) Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). When suing an officer or employee in his individual capacity, the court must allow a party a reasonable time to cure a failure to serve the United States where it served the officer or employee. Fed. R. Civ. P. 4(i)(4)(B). In suits against an officer or employee in official capacity, the rule only requires a curative period of time where the plaintiff served either the U.S. Attorney or Attorney General but failed to serve the individual defendant. *See* Fed. R. Civ. P. 4(i)(4)(A).

Where a plaintiff fails to timely[1] serve a defendant, the court "must" dismiss the action without prejudice. Fed. R. Civ. P. 4(m). Where the plaintiff shows good cause for his failure, however, the court "must" extend the time period for service. *Id.*

Here, Davis's complaint is exclusively filed against federal agencies and one federal employee, Jeh Johnson, in his official capacity. [*See* Doc. 3.] Davis has made no showing that he, as required, served the local U.S. Attorney's office or the Attorney General with his complaint. *See* Fed. R. Civ. P. 4(i)(2). Well more than 120 days have elapsed since the filing of the complaint, so Davis has failed to timely serve the Defendants.

---

[1] The time limit effective at the time this complaint was filed was 120 days.

Davis is not entitled to additional time under Rule 4(i)(4). As the Defendants are all agencies or employees sued in official capacity, Rule 4(i)(4) would only apply if Davis had served either the U.S. Attorney or Attorney General but had failed to serve any individual person who had to be served. *See* Fed. R. Civ. P. 4(i)(4)(A). Moreover, I find that Davis has failed to demonstrate good cause under Rule 4(m) that would require an extension of the time he has to effect service. Davis only asserts that he was not aware of his failure to serve and has made no further attempt to show good cause or to effect service. [*See* Doc. 6.]

### III. Conclusion

In light of the above, I find that Davis has failed to timely effect service on any Defendant. Accordingly, I **RECOMMEND** that Johnson's motion to dismiss [Doc. 5] be **GRANTED**, and I **RECOMMEND** that the suit be **DISMISSED WITHOUT PREJUDICE** as to all Defendants.

IT IS SO RECOMMENDED this 24th day of March, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge